Filed 6/14/16  Lucia Mar Unified School Dist. v. Cohen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LUCIA MAR UNIFIED SCHOOL DISTRICT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MICHAEL COHEN, as Director, etc., <br><br> Defendant and Respondent. | 2d Civil No. B260624 <br> (Super. Ct. No. CV 130573) <br> (San Luis Obispo County) |

        This is an action to enforce a pass-through agreement with the Redevelopment Agency of the City of Pismo Beach (RDA).  Lucia Mar Unified School District (Lucia Mar) appeals an order (1) transferring venue to the Superior Court of Sacramento County and (2) vacating a default judgment against the RDA's successor agency, Designated Local Authority (DLA).  (Health & Saf. Code, §§ 34177, subd. (m), 34168, 34189.1-34189.3.)[1]  We affirm.

                    BACKGROUND

        The RDA was formed to improve streets and access to Highway 101, among other things.  The RDA was authorized to borrow money, acquire land, and improve infrastructure under the Community Redevelopment Law.  (§ 33000 et seq.)  Once the redevelopment plan was adopted, all increases in property tax revenue in the

_____

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

area were allocated to the RDA to repay its indebtedness, the "tax increment revenues." (Cal. Const., art. XVI, § 16; § 33670, subds. (a) & (b).) The share for local taxing entities such as Lucia Mar was frozen. (*Ibid.*)

To alleviate the resulting financial burden on Lucia Mar, the RDA agreed to pass through the tax increment revenues to Lucia Mar as follows: from 1988 to 2008, the RDA would receive all tax increment revenues; but from 2008 to 2033, Lucia Mar would receive all tax increment revenues (the Agreement). The RDA began making pass-through payments to Lucia Mar in 2008 as agreed.

In 2011, the Legislature dissolved RDAs. (§ 34170 et seq., "the dissolution law.") The Governor is charged with creating a DLA when a city such as Pismo elects not to act as successor to a redevelopment agency it created. (§ 34173, subd. (d)(3).) Under the dissolution law, the former RDA's tax increment allocations are deposited into a trust fund while the DLA, as successor, "winds down" RDA affairs. (§§ 34172, subd. (d), 34182, subd. (c)(1), 34177.) The DLA disposes of assets and pays "enforceable obligations," as directed by an oversight board subject to review and approval by the State Director of the Department of Finance (the Director). (§§ 34171, subd. (d)(1), 34177, subds. (a), (e) & (m).)

Meanwhile, the county auditor-controller distributes the trust funds according to a statutory priority: first, to make pass-through payments; second, to the DLA to pay enforceable obligations; third, for administrative costs; and, finally, to local taxing entities according to their ordinary property tax shares. (§§ 34183, subd. (a), 34188.) Pass-though payments stop when all the RDA's enforceable obligations are paid or retired. (§ 34187, subd. (h).) After that, property tax revenue is distributed to local taxing entities according to their ordinary shares, essentially as it was before redevelopment. (*Ibid.*)

The auditor-controller for the County of San Luis Obispo took over Lucia Mar's pass-through payments in 2011. These payments were to continue until the RDA's enforceable obligations are paid.

In 2013, the DLA listed the Agreement as an "enforceable obligation." The Director, however, disapproved this determination. (§ 34177, subd. (m)(1).) The Director reasoned that (1) pass-through payments are paid directly by the auditor-controller from incoming tax increment revenues before any funds are used to pay enforceable obligations (§ 34183, subd. (a)(1)), and (2) the Agreement does not meet the statutory definition of an enforceable obligation because it does not specify the total debt or any loan terms (§ 34171, subd. (d)(1)(B)). Neither the DLA nor Lucia Mar challenged the Director's determination.

Instead, Lucia Mar filed an action for breach of contract and declaratory relief in the Superior Court of San Luis Obispo County against the DLA. The DLA did not answer. Lucia Mar did not serve the Director. Lucia Mar obtained a default judgment against the DLA. The court found the DLA is obligated to pay all tax increment revenues to Lucia Mar through 2033. In its request for entry of default, Lucia Mar argued the Agreement is an "enforceable obligation."

The DLA emailed a copy of the default judgment to the Director, who timely moved to vacate the judgment and to transfer the action to the Sacramento Superior Court. The trial court granted the Director's motion. Lucia Mar appeals. We granted leave to the California School Boards Association's Education Legal Alliance to file an amicus brief in support of Lucia Mar's appeal.

DISCUSSION

*Venue*

The superior court must transfer an action not commenced in the proper court. (Code Civ. Proc., § 396b, subd. (a).)

Venue is proper only in the County of Sacramento because this action contests acts taken by the DLA and the Director pursuant to the dissolution law. (§§ 34189.1-34189.3.) The Sacramento Superior Court is the proper venue for an "action contesting any act taken or determinations or decisions made pursuant to" the dissolution law. (§ 34189.3.) Lucia Mar's complaint contests an act taken by the successor agency because it alleges that DLA, as successor agency, "failed and refused" to pay and "has

3.

repuated the obligation to repay" under the Agreement. The DLA's acts were taken "pursuant to" the dissolution law because the DLA is a creature of the dissolution law and has power to act only under its provisions. (§§ 34173, subd. (d)(3)(A), 34177.)

The Sacramento Superior Court is also the proper venue because this action challenges the Director's determination, pursuant to the dissolution law, that the Agreement is not an enforceable obligation. (§ 34189.3.) The gravamen of the complaint is a challenge to the validity of the Director's decision that the Agreement is not an enforceable obligation. Lucia Mar asserted in the trial court that "[t]he Agreement is an Enforceable Obligation" because, "while there is not a fixed repayment schedule, the Agreement comprises mandatory loan terms." The Director's contrary determination was made "pursuant to the dissolution law," triggering Sacramento as the proper venue to decide this case. (§§ 34189.3, 34177, subd. (m)(1).)

Moreover, Sacramento is the proper venue to the extent this is a validation action challenging the DLA's exercise of its powers. The dissolution law designates Sacramento as the proper venue for any validation action "with respect to any action of . . . a successor agency" after 2011 (§ 34189.1) and for any validation action "involving any enforceable obligation . . . that belonged to a redevelopment agency" (§ 34189.2). A "validation action" includes "[a]n action . . . to determine . . . the legality and validity of all proceedings . . . in any way connected with the establishment of [a redevelopment] agency, its authority to transact business and exercise its powers." (§ 33501, subd. (a).) The complaint challenges the DLA's post-2011 repudiation of an "enforceable obligation."

*Default*

An aggrieved party may move to set aside a void judgment. (Code Civ. Proc., §§ 663, 473, subd. (d).) The default judgment is void. It was not filed in the Sacramento Superior Court and Lucia Mar did not give notice to the Director. Notice to the Director is required for any validation action involving an RDA's enforceable obligation and for any validation action involving the acts of a successor agency after 2011. (§§ 34189.1, 34189.2.)

4.

Lucia Mar characterizes this as a "garden-variety" contract action.  We disagree.  Lucia Mar's mischaracterization of its lawsuit as a prosaic contract action ignores the Director's determination and circumvents the dissolution law's notice requirements.   (§§ 34189.1, 34189.2.)  These include the statutory directive that pass-through payments stop when a redevelopment agency's enforceable obligations are paid or retired (§ 34187, subd. (h)) and the prohibition on mandamus relief against a public entity by default (Code Civ. Proc., § 1088).

Lucia Mar contends the dissolution law unconstitutionally impairs contractual rights and violates the doctrine of separation of powers to the extent it permits the Director to adjudicate contractual obligations.  (Cal. Const., art. I, § 9; *id.*, art. VI, § 1.)  But this contest must be decided in the Sacramento Superior Court.  (§ 34168.)

Amicus argues that this case raises issues of first impression critical to the continued funding of school districts across the state.  These issues should be given a full airing in a contested judicial proceeding and not by way of a "prove up" in a default hearing.

## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.


                              GILBERT, P. J.
We concur:



            YEGAN, J.



            PERREN, J.


5.

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Atkinson, Andelson, Loya, Ruud & Romo, David A. Soldani, W. Bryce Chastain, Jennifer D. Cantrell for Plaintiff and Appellant.

Fagen Friedman & Fulfrost, LLP, Peter K. Fagen, Kelley A. Owens, Lori Y. Chiu; California School Boards Association's Education Legal Alliance, Keith J. Bray, Joshua R. Daniels for Amicus Curiae California School Boards Association's Education Legal Alliance on behalf of Appellant.

Kamala D. Harris, Attorney General, Douglas J. Woods, Senior Assistant Attorney General, Marc A. LeForestier, Supervising Deputy Attorney General, S. Michele Inan, Deputy Attorney General, for Defendant and Respondent Michael Cohen, Director of State of California Department of Finance.